UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIMARE HOMESTEAD, INC.,
etc., et al.,

      Plaintiffs,

v.                                     CASE NO. 8:11-CV-1999-T-17TBM

DEL CAMPO FRESH, INC.,
etc., et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 48   Motion for Default Judgment
Dkt. 49   Memorandum

Plaintiffs DiMare Homestead, Inc and DiMare Ruskin, Inc. filed their Complaint against Del Campo Fresh, Inc. and Joel Salazar for the following:

| | |
|---|---|
| Count I | Failure to Pay Trust Funds |
| Count II | Failure to Pay for Goods Sold |
| Count III | Unlawful Dissipation of Trust Assets by a Corporate Official - Joel Salazar |
| Count IV | Interest and Attorney's Fees |

The Court notes that subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. Sec. 499e(c)(5) ("PACA"), 28 U.S.C. Sec. 1331.

In Count I, Plaintiffs request an order enforcing payment from the trust by requiring immediate payment of the aggregate amount of $623,321.50 to Plaintiffs. In

Case No. 8:11-CV-1999-T-17TBM

Count II, Plaintiffs request judgment in the aggregate amount of $623,321.50 against Defendants, jointly and severally. In Count III, Plaintiffs request judgment against Defendant Joel Salazar in the aggregate amount of $623,321.50. In Count IV, Plaintiffs request judgment against each of the Defendants, jointly and severally for prejudgment interest, costs and attorney's fees.

A Default Judgment has been entered against Defendant Del Campo Fresh, Inc. (Dkt. 17). Plaintiffs request the entry of a Default Judgment against Defendant Del Campo Fresh, Inc. pursuant to Fed. R. Civ. P. 55(b) in the amount of $848,093.82, including the principal amount of $623,321.50 plus aggregate prejudgment interest of $205,739.87 and attorney's fees and costs of $19,032.45.

Plaintiffs also move for entry of a Default Judgment against Defendant Joel Salazar, the officer and principal of Del Campo Fresh, Inc., who controlled the day to day operations of Del Campo Fresh, Inc., and was otherwise in a position of control over the PACA trust assets belonging to Plaintiffs.

In Count III, Plaintiffs seek entry of judgment against Joel Salazar in the amount of $623,321.50, based on Defendant Salazar's failure to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce Plaintiffs supplied.

In Count IV, Plaintiffs seek a joint and several judgment against each Defendant for prejudgment interest, costs and attorney's fees. Plaintiffs allege that PACA and the invoices of Plaintiffs entitle Plaintiffs to recover prejudgment interest at the rate of 18% per annum and attorney's fees incurred to collect any balance due from Defendants. Plaintiffs' invoices are attached to the Complaint. (Dkt. 1-5). Plaintiffs' Motion for Default Judgment is supported by the Declaration of Plaintiffs' Controller, as to the amount of unpaid invoices, amount of interest owed through February 17, 2013,

2

Case No. 8:11-CV-1999-T-17TBM

$205,739.87, and Declaration of Counsel for Plaintiffs, as to the amount of attorney's fees, in the amount of $19,032.45.  (Dkt. 49, p. 13, Perez Declaration; Dkt. 49, p. 16, Diess Declaration; Dkt. 49, p. 20, Watkins Declaration).

Plaintiffs now seek entry of judgment in the total amount of $848,093.82.

I. Background

Plaintiffs attempted personal service on Defendant Salazar ten times.  (Dkt. 27). Plaintiffs were unable to personally serve Defendant Salazar, and were unable to obtain substitute service.  (Dkt. 42-1).  In the Affidavit of Diligence, Plaintiffs allege that there is no person in the State of Florida upon whom service of process would bind Defendant Salazar.  (Dkt. 42-1).  Plaintiffs moved to serve Defendant Salazar by publication, which the Court granted.  (Dkt. 44).  Proof of publication was filed.  (Dkt. 45).

Defendant Salazar did not file an Answer or otherwise appear in this case.  A Clerk's Default was entered on 2/11/2013.  Plaintiffs have moved for entry of a final default judgment in favor of Plaintiffs and against Defendant Salazar.

II. Discussion

Pursuant to Fed. R. Civ. P. 55, a default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case has never been placed at issue." Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir. 1986).  Upon entry of default, all well-pleaded allegations of fact are deemed admitted.  Following entry of a default and upon motion the Court may enter a default judgment against a defaulting party.

Before entering a default judgment,  the Court must ensure that the Court has

Case No. 8:11-CV-1999-T-17TBM

jurisdiction over the claims and the well-pleaded allegations of the Complaint state a claim for which relief may be granted. Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. Appx. 860 (11th Cir. 2007).   A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal.  The Court must also consider whether an evidentiary hearing on the question of damages is warranted.

A judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation. See SEC v. Smyth, 420 F.3d 1225, 1231-32 (11th Cir. 2005).  However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary.   See Smyth, 420 F.3d at 1232 n. 13.

A.  Unpaid Invoices

The Court notes that Plaintiffs preserved their PACA trust rights by including the appropriate language on their invoices to Defendant Del Campo Fresh, Inc. (Dkt. 1-4).  It is undisputed that Defendant Del Campo Fresh, Inc. received wholesale quantities of produce from Plaintiffs but did not pay Plaintiffs.   Defendant Del Campo Fresh, Inc. has violated the trust provisions of the PACA and is liable to Plaintiffs.

The invoices show that Plaintiffs are due the amount of $623,321.50.

B.  Personal Liability Under PACA

Defendant Joel Salazar, as the individual in control of PACA trust assets, and who did not preserve the trust assets for the beneficiaries, has breached Defendant's fiduciary duty to the trust beneficiaries and is personally liable to the trust beneficiaries. Reds Market v. Cape Canaveral Cruise line, Inc., 181 F.Supp.2d 1339 (M.D. Fla. 2002).

Case No. 8:11-CV-1999-T-17TBM

After consideration, Court grants the Motion for Default Judgment as to Defendant Salazar's personal liability under PACA.  The Clerk of Court shall enter a joint and several final Default Judgment in favor of Plaintiffs and against Defendants Del Campo Fresh, Inc. and Joel Salazar in the amount of $623,321.50.

C.  Attorney's Fees and Interest

Plaintiffs' invoices sent to Del Campo Fresh, Inc. include language setting out the provisions of the PACA and provide terms for past due accounts.  See Perez Declaration; Dkt. 49, pp. 24-25.  The terms state that a purchaser of produce is liable for pre-judgment interest at the rate of 1.5% per month, and reasonable attorney's fees and costs accumulated in connection with collecting payment.

There is an enforceable agreement regarding attorneys' fees and interest between Plaintiffs and Defendant Del Campo Fresh, inc.  Plaintiffs have included detailed billing records.  As to attorney's fees, the hourly rates and amount of time expended are reasonable.

After consideration, the Court grants the Motion for Default Judgment in the amount of $205,739.87 for prejudgment interest, and in the amount of $19,032.45 for attorney's fees.   The Clerk of Court shall enter a joint and several final Default Judgment in favor of Plaintiffs and against Defendant Del Campo Fresh, Inc. and Joel Salazar for these amounts.  Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Default Judgment as to Defendant Joel Salazar is **granted**.  The Clerk of Court shall enter a Default Judgment in favor of DiMare Homestead, Inc. and DiMare Ruskin, Inc. and against Del Campo Fresh, Inc. and Joel Salazar, jointly and severally, in the total amount of $848,093.82, for which

Case No. 8:11-CV-1999-T-17TBM

sum execution shall issue.    This amount includes the unpaid aggregate amount, $623,321.50, prejudgment interest, $205,739.87, and attorney's fees, $19,032.45. After entry of the Default Judgment, the Clerk of Court shall close this case.

    **DONE and ORDERED** in Chambers, in Tampa, Florida on this 21st day of May, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record